IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| BRIAN JAMES AZURE, <br><br> Plaintiff, <br><br> vs. <br><br> GREAT FALLS POLICE DEPT., <br><br> Defendant. | Cause No. CV 25-72-GF-DLC <br><br><br> ORDER |

Plaintiff Brian James Azure filed a 42 U.S.C. § 1983 Complaint alleging violations of his constitutional rights. (Doc. 2.) The Complaint failed to state a claim, but Azure was allowed to amend. (Doc. 9.) Azure's amended complaint may state a claim as to some defendants, but he also added new defendants against whom he does not state a claim. (Doc. 10.) The Amended Complaint will be ordered served on some defendants and dismissed as to others, as described below.

**I.  SCREENING PURSUANT TO 28 U.S.C. §§ 1915, 1915A**

Azure is proceeding in forma pauperis so the Court must review his Complaint under 28 U.S.C. §§ 1915 and 1915A. The Court's previous screening order is incorporated here by reference. (Doc. 9.) Section 1915(e)(2)(B) requires the Court to dismiss a complaint filed in forma pauperis and/or by a prisoner against a governmental defendant if it is frivolous or malicious, fails to state a

1

claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. A complaint is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). "A case is malicious if it was filed with the intention or desire to harm another." *Andrews v. King*, 398 F.3d 1113, 1121 (9th Cir. 2005). A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of her "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted).

### A. Standard

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint "that states a claim for relief must contain . . . a short and plain statement of the claim showing that the [plaintiff] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A complaint must "contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). A complaint's allegations must cross "the line from conceivable to plausible." *Iqbal*, 556 U.S. at 680.

"A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardu*, 551 U.S. 89, 94 (2007); *cf.* Fed. Rule Civ. Proc. 8(e) ("Pleadings must be construed so as to do justice").

### B. *Monell* Liability

Azure was advised that to allege a § 1983 claim against the police department itself, he must demonstrate that the alleged constitutional deprivation was the product of a policy or custom of the local governmental unit, because municipal liability must rest on the actions of the municipality, and not the actions of the employees of the municipality, such as the police officers. *See Connick v. Thompson*, 563 U.S. 51, 60 (2011) (explaining that local governments are responsible only for 'their *own* illegal acts,'" and therefore to impose liability on a local government under § 1983, plaintiffs must prove that an "action pursuant to official municipal policy" caused their injury). Despite filing an Amended Complaint, Azure has identified no custom or policy of the Great Falls Police Department that would make it liable under this theory. The Police Department will be dismissed without prejudice.

### C. Public Defender Defendants

Azure's Amended Complaint names two public defenders as defendants: Samuel L. Harris and Mark Frisbie. (Doc. 10 at 3 – 10.) Harris and Frisbie are not persons "acting under color of state law" within the meaning of 42 U.S.C. § 1983. and cannot be sued under § 1983. The actions of Azure's lawyers cannot be considered to be "state action," because public defenders are specifically opposed

to the state in the court of law. "[I]t is the function of the public defender to enter "not guilty" pleas, move to suppress State's evidence, object to evidence at trial, cross-examine State's witnesses, and make closing arguments in behalf of defendants. All of these are adversarial functions. We find it peculiarly difficult to detect any color of state law in such activities." *Polk Cnty. v. Dodson*, 454 U.S. 312, 320 (1981) (concluding public defenders to not act under color of law within the meaning of § 1983). Azure cannot state a claim under § 1983 against the public defenders. Harris and Frisbie are dismissed.

### D.  Judicial Defendants

Azure has named two judges as defendants, Judge Parker and Judge Grubich. (Doc. 10 at 4.) However, a plaintiff cannot state a claim against a judicial officer under 42 U.S.C. § 1983 "because [a] judge is absolutely immune for judicial acts." *Simmons v. Sacramento County Superior Court*, 318 F.3d 1156, 1161 (9th Cir. 2003); *see also Lund v. Cowan,* 5 F.4th 964, 972 (9th Cir. 2021) ("[A] judicial act does not stop being a judicial act even if the judge acted with 'malice or corruption of motive.'" (citation omitted)). Defendants Parker and Grubich are dismissed.

### F. Prosecutor Defendants

Azure has named two county attorneys as defendants, Kory Larsen and Joshua A. Racki. (Doc. 10 at 4.) Prosecuting attorneys who act within the scope of

their duties are absolutely immune from a suit brought for damages under 42 U.S.C. § 1983 "insofar as that conduct is 'intimately associated with the judicial phase of the criminal process.'" *Burns v. Reed*, 500 U.S. 478, 486 (1991) (*quoting Imbler v. Pachtman*, 424 U.S. 409, 431 (1976)); *see also Ashelman v. Pope*, 793 F.2d 1072, 1076, 1078 (9th Cir. 1986). This is so even if the prosecutor has violated a plaintiff's constitutional rights or acts with malicious intent. *Broam v. Bogan*, 320 F.3d 1023, 1028-29 (9th Cir. 2003); *Genzler v. Longanbach*, 410 F.3d 630, 637 (9th Cir. 2005). Prosecutors are absolutely immune from suit when they function as advocates. *Imbler*, 424 U.S. at 430–31. "Prosecutors are absolutely immune from liability for the consequences of their advocacy, however inept or malicious, because it is filtered through a neutral and detached judicial body[.]" *Lacey v. Maricopa Cnty.*, 693 F.3d 896, 913 (9th Cir. 2012). Azure has alleged no facts regarding these defendants that would fall outside of the scope of these defendants' duties. Defendants Larsen and Racki are dismissed.

## II.  CONCLUSION

Azure's Amended Complaint may state claims against the police officer defendants. They will be served by separate order. However, he fails to state claims against Defendants Great Falls Police Department, Harris, Frisbie, Larsen, Racki, Parker, and Grubich. They are dismissed.

Accordingly, it is HEREBY ORDERED:

5

1.     Defendants Harris, Frisbie, Larsen, Racki, Parker, and Grubich are DISMISSED. Great Falls Police Department is DISMISSED, without prejudice. By separate Order, the police officer defendants will be asked to waive service of the Amended Complaint.

2.     At all times during the pendency of this action, Azure must immediately advise the Court of any change of address and its effective date. Failure to file a notice of change of address may result in the dismissal of the action for failure to prosecute pursuant to Fed. R. Civ. P. 41(b).

DATED this 27th day of October, 2025.

_____
Dana L. Christensen, District Judge
United States District Court