IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| BRIAN JAMES AZURE, | Cause No. CV 25-72-GF-DLC |
| Plaintiff, | |
| vs. | ORDER |
| PAUL ALAN KUMMER, CLAYTON HENDERSON, ADAM HUNT, RACHEL TOOKER, ZACHARY HATTAN, and NICHOLAS BOWLEY, | |
| Defendants. | |

Defendant Rachel Tooker has moved for summary judgment on Plaintiff Brian James Azure's Complaint. (Docs. 20 – 23.) Azure has responded. (Doc. 24.) The motion is granted.

I.    BACKGROUND

In brief, Azure's Amended Complaint alleges excessive force against members of the Great Falls Police Department during his arrest in July of 2025. (Doc. 10 at 8.) (Azure included claims against other defendants that were previously dismissed. (Doc. 11.)) Defendant Tooker was named as one of these officers. (Doc. 10 at 3.) Azure does not otherwise allege any facts as to Tooker's

1

individual conduct.

Tooker's brief, as supported by a Statement of Undisputed Facts and a sworn declaration, states that she is an evidence technician, not a police officer, she was not present at the time of the alleged use of excessive force, and she did not engage in any of the acts that allegedly violated Azure's rights. (Doc. 21 at 2.)

In response, Azure does not dispute that Tooker was not physically at the location at which he encountered police.[1] Azure asserts that Tooker was responsible for "storing the evidence and documenting the chain of custody," presumably of the body camera video of another officer who attended Azure's arrest. (Doc. 24 at 2.) Azure further asserts that Tooker is "not disclosing evidence." (Doc. 24 at 3.) He construes her role as an evidence technician as "an integral position in this case as her sole duty is to help uphold integrity and honesty to conduct justice…" (Doc. 24 at 4.)

---

[1] Azure signed this document /s/. (Doc. 24 at 4.) A pleading or motion must be signed by an attorney or the party. Fed. R. Civ. P. 11(a). That signature is the party's certification that the document is not filed for an improper purpose, and that its allegations of fact and statements of law are warranted. Fed. R. Civ. P. 11(b). The signature further acknowledges that, should Rule 11 be violated, the party is subject to sanctions. Pro se litigants are subject to this standard and sanctions, including monetary, as much as attorneys are. Fed. R. Civ. P. 11(c). The /s/ signature is available to attorneys or electronic filers because of registration procedures that assure that the filer is the signatory. Azure's paper filing has no such assurance, and thus must be signed personally, by hand. In future, documents from Azure that are not properly signed will be returned to him without filing.

## II.   ANALYSIS

### A. Standard for Summary Judgment

Federal Rule of Civil Procedure 56(a) entitles a party to summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The movant bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). A material fact is one that might affect the outcome of the suit under governing law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Disputed facts that do not change the Court's analysis under the law may be disregarded.

Once the moving party has satisfied its burden, the non-moving party must go beyond the pleadings and designate by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Id.* at 324. In deciding a motion for summary judgment, the Court views the evidence in the light most favorable to the nonmoving party and draws all justifiable inferences in the non-moving party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986); *Betz v. Trainer Wortham & Co.,*

3

*Inc.*, 504 F.3d 1017, 1020-21 (9th Cir. 2007).

**B. Discussion**

As an initial matter, Plaintiff Azure did not file his Statement of Disputed Facts, as required by L.R. 56.1(b). He was reminded of his obligations under the rule by the defendants' *Rand* notice. (Doc. 23.) It is not the Court's task "to scour the record in search of a genuine issue of triable fact." *Keenan v. Allan*, 91 F.3d 1275, 1279 (9th Cir. 1996). Azure, even though self-represented, has the obligation to lay out the support for his position as clearly as he can. *Carmen v. S.F. Sch. Dist.*, 237 F.3d 1026, 1031 (9th Cir. 2001). The Court "need not examine the entire file for evidence establishing a genuine issue of fact, where the evidence is not set forth in the opposition papers with adequate references so that it could conveniently be found." *Id*.

Nonetheless, the undisputed facts show that Tooker is entitled to judgment on Azure's claims against her. First, Azure's Amended Complaint only alleges that Tooker was a police officer. (Doc. 10 at 3.) Azure alleges no facts as to her individual conduct, and thus, Azure fails to state a claim that she violated his rights. A complaint fails to state a claim upon which relief may be granted if a plaintiff fails to allege the "grounds" of his "entitlement to relief." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quotation omitted). Azure has not stated facts that show he is entitled to some form of relief for Tooker's actions.

Tooker has established that she is not a police officer, nor was she at the site of Azure's arrest. (Doc. 22 at 2; Doc. 22-1 at 2 – 4.) Azure has produced no evidence otherwise. Thus, Tooker has rebutted Azure's allegations against her, and she is entitled to summary judgment on Azure's Amended Complaint.

Azure has tried, however, in his response, to shift his theory to one of spoliation—that if some evidence has gone missing, Tooker is somehow responsible in her position as an evidence technician. Even if this had been an allegation in his Amended Complaint, which it is not, Azure has produced no evidence to show that it is true. The only evidence Tooker handled from Azure's arrest was a baggie containing a white crystallized substance that she submitted to the crime lab in accordance with established procedures. (Doc. 22-1 at 3 – 4.) Azure has not rebutted this information, and, therefore, there is no disputed material fact.

## III.   CONCLUSION

Plaintiff Azure has failed to demonstrate that there is a genuine issue of material fact that prevents summary judgment in favor of Rachel Tooker. Tooker's motion is granted.

Accordingly, it is HEREBY ORDERED:

1. Defendant Tooker's motion for summary judgment is **GRANTED**. (Doc. 20.) The Clerk of Court is directed to modify the docket accordingly.

2.  At all times, Plaintiff Azure must notify the Court and opposing counsel of any change of address.  Failure to do so may result in dismissal of this action.

DATED this 19th day of March, 2026.

_____
Dana L. Christensen, District Judge
United States District Court