IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| BRIAN JAMES AZURE,<br><br>Plaintiff,<br><br>vs.<br><br>PAUL ALAN KUMMER, CLAYTON HENDERSON, ADAM HUNT, ZACHARY HATTAN, and NICHOLAS BOWLEY,<br><br>Defendants. | Cause No. CV 25-72-GF-DLC<br><br><br>ORDER |

Several motions are pending before the Court: Defendants' motion in limine (Doc. 57); and Plaintiff's motions to strike and for sanctions (Doc. 59), for protective order (Doc. 60), in limine (Doc. 62), for dismissal of actions (Doc. 63), for sanctions (Doc. 66), to sever (Doc. 68), and regarding discovery (Doc. 71). The Court's rulings follow.

I. Defendants' motion in limine and Plaintiff's motion to strike and for sanctions (Docs. 57 and 59)

Defendants move in limine for several restrictions on testimony or evidence at trial, including to prohibit references to current events or other instances of alleged police brutality; to prohibit Plaintiff from asking the jury to award speculative damages about lost earnings; to preclude Plaintiff from eliciting

1

medical opinions; to preclude Plaintiff from asking the jury to award speculative damages for future medical treatment; to exclude Plaintiff and his lay witnesses from offering opinion testimony on police practices and procedures; to exclude evidence of other lawsuits, discipline matters, personnel matters or claims against the Officers; to prohibit improper classifications of the uses of force employed by the Officers; and to preclude Plaintiff from making "golden rule" arguments or asking the jurors to place themselves in the position of Plaintiff. (Doc. 57 at 1 – 2.)

In response, Azure generally asserts that Defendants' proposed limitations on his evidence at trial would "inhibit[] due process, freedom of speech and the right for fair trial." (Doc. 59 at 1.) Azure requests a sanction on Defendants' counsel and denial of the motion, because he believes such limitations on his evidence violate the U.S. Constitution and would result in a miscarriage of justice. (Doc. 59 at 3.) Finally, Azure seeks appointment of counsel. (Doc. 59 at 3.)

A motion in limine is a "procedural mechanism" through which questions regarding the admissibility of "testimony or evidence in a particular area" may be resolved before trial. *United States v. Heller*, 551 F.3d 1108, 1111 (9th Cir. 2009). Such in limine rulings are preliminary, and the Court "may always change [its] mind during the course of a trial." *Ohler v. United States*, 529 U.S. 753, 758 n.3, (2000). "Evidence shall be excluded in limine only when it is shown that the evidence is inadmissible on all potential grounds. Unless evidence meets this high

standard, evidentiary rulings should be deferred until trial so that questions of foundation, relevancy and potential prejudice may be resolved in proper context." *Speaks v. Mazda Motor Corp.*, 118 F. Supp. 3d 1212, 1217 (D. Mont. 2015) (internal quotation marks and citation omitted).

Given this standard, and in light of Azure's concerns about being able to present his case fairly, the Court must reserve ruling on several of Defendants' proposed categories, but will bar introduction of certain testimony. Plaintiff Azure shall be prohibited from introducing other examples of current events or other instances of alleged police brutality, which are irrelevant under Fed. R. Evid. 402 and potentially prejudicial under Rule 403. Azure will also be prevented from presenting speculative claims of damages to the jury, though he will be given latitude to testify to the basis of any present injuries that warrant compensation. Finally, he will be prevented from making golden rule arguments to the jury.

The Court reserves ruling on the remainder of Defendants' topics: to preclude Plaintiff from eliciting medical opinions; to exclude Plaintiff and his lay witnesses from offering opinion testimony on police practices and procedures; to exclude evidence of other lawsuits, discipline matters, personnel matters or claims against the Officers; and to prohibit improper classifications of the uses of force employed by the Officers. Until a context at trial is presented, the Court is unable

3

to determine whether these matters are irrelevant, unduly prejudicial, or otherwise subject to restriction.

II.   Plaintiff's motion for protective order (Doc. 60)

Azure moves for a protective order against the Defendants, as well as the Great Falls Police Department and Cascade County Sheriff's Office. Rather than a discovery protective order in the litigation sense, such as has been entered in this case, Azure seeks a physical protective order to protect his extended family from "harassment, intimidation or retaliation in any form, physically, mentally, emotionally and spiritually" by various parties, with a buffer zone of 1500 feet. (Doc. 60 at 1 - 2.)

Defendants did not respond to this motion. Nonetheless, this Court is without the power (or inclination) to grant Azure's motion. Neither his family members nor the police or sheriff's office are parties to this litigation, and thus, are beyond the Court's jurisdiction. But more fundamentally, this Court does not issue orders of protection in the sense Azure seeks, such as those found in Mont. Code Ann. §§ 40-15-201 et seq. Azure has not proven the basis or need for any such order. The motion is denied.

III.   Plaintiff's motion in limine (Doc. 62)

Azure has also filed a motion in limine, which includes seven requests, not all of which are appropriate for a motion in limine. The motion is denied, for the

most part, but one aspect will be granted.

Azure seeks to prohibit Defendants from mentioning Plaintiff's criminal history or known addictions; to exclude Defendants from suppressing original statements and/or audio/video of the incident; to prohibit Defendants from verbally attacking or questioning Azure too quickly, due to his "damaged amygdala;" to "prohibit any instruction from Defendants that deny "due process" or any other constitutional right"; to preclude Defendants from "denying that use of deadly force is a "self-defeating" way of apprehending a suspect, and so setting the criminal justice mechanism in motion"; to prohibit Defendants from misleading the meaning/definitions from a law dictionary; and to prohibit the "officers" from wearing uniforms and prohibit "code talking" at trial. (Doc. 62 at 1 – 2.)

Defendants respond, first, that Azure's motion was filed well beyond the motions deadline, and his motion is not accompanied by a brief or legal support. These statements are all true, and on these grounds alone, the motion could be denied. The motions deadline is now long passed, and Azure continues to file motions. Azure is advised that if he files any additional motions, he must justify, in the brief, why he was not able to file the motion by the deadline. Failure to do so will result in denial.

Nonetheless, pro se filings are to be liberally construed, and the Court finds is more expedient to rule on Azure's motion in limine now than to handle

excessive and perhaps unnecessary objections at trial.

The only issue of real dispute related to his motion is whether Azure's history of drug use is admissible. (Doc. 70 at 6 – 9.) Azure seeks an order prohibiting discussion of his criminal history or known addictions. (Doc. 62 at 1.) Defendants propose that evidence of Azure's drug use may be probative of his claims for damages and cite case law in support of this proposition. Ruling on this issue is reserved for trial. Such evidence may be admissible to refute Azure's claims for damages but must, in fact, be relevant to those claims, and not admitted for any other improper purpose. Fed. R. Evid. 403. Moreover, Defendants have not identified an expert to testify to the effects of drug use on mental health or the other issues raised in their brief, and thus, any use of testimony regarding drug use must be in a lay capacity. This ruling is reserved for trial.

As to the other issues raised by Azure, the motion is denied. Defendants are identified as and will testify as police officers. There is no justification to prevent them from wearing their uniforms if they choose. The meaning of "code-talking" is apparently what one might call police-speak. The Court will not direct how Defendants choose to express themselves, within the limits of court etiquette and propriety. Along the same lines, the Court will not direct the speed or manner of Defendants' questioning of Azure, keeping in mind that the court reporter must record everything that is said in court, and rapid speech poses a challenge for that.

Azure may introduce the evidence that he seeks to rely on at trial. Defendants are not obliged to produce the evidence that supports Azure's case. He must obtain whatever evidence he needs through discovery. These aspects of Azure's motion are denied, but he may object at trial should such objections become necessary.

Two additional parts of Azure's request are confusing. Azure seeks prohibition of "any instruction from Defendants that deny "due process" or any other constitutional right"; and from Defendants "denying that use of deadly force is a "self-defeating" way of apprehending a suspect, and so setting the criminal justice mechanism in motion". These statements appear to be aspects of what Azure may expect Defendants to argue at trial. Any restriction on Defendants' ability to make arguments at trial is premature, and a ruling on these issues is reserved.

IV.   Plaintiff's motion for dismissal of actions (Doc. 63)

Azure asks this Court to dismiss his state court criminal proceedings. (Doc. 63.) He asserts that the criminal action is intended to cover up for Defendants' alleged unlawful actions in his arrest. (Doc. 63 at 2.) Azure also implies that his prosecution is tainted by nepotism.

This Court is without authority to intervene in and dismiss his state court criminal proceedings. *Younger v. Harris*, 401 U.S. 37, 45 (1971); *Marquis v. Ueker*, 2024 WL 416306, at *5 (D. Mont. 2024). If he seeks dismissal of his state

proceedings, he must apply to the state court. The motion is denied.

V.      Plaintiff's motion for sanctions (Doc. 66)

Azure seeks sanctions under Fed. R. Civ. P. 11 against Defendants' counsel for hiring a liability expert, Jaeson White. (Doc. 66 at 1.) Azure asserts White was hired for an improper purpose. Azure also contends that Defendants intended to deceive by alternate uses of the term rear headlock and front headlock. (Doc. 66 at 2.)

Federal Rule of Civil Procedure 11 gives the Court authority to sanction a party who signs a "pleading, written motion, or other paper" that is not well grounded in fact, is not warranted by existing law, is not made in good faith, or is brought for any improper purpose. *Christian v. Mattel, Inc.*, 286 F.3d 1118, 1131 (9th Cir. 2002). "Rule 11 provides for the imposition of sanctions when a filing is frivolous, legally unreasonable, or without factual foundation, or is brought for an improper purpose." *Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1177 (9th Cir. 1996). "Rule 11 is an extraordinary remedy, one to be exercised with extreme caution." *Operating Eng'rs Pension Trust v. A-C Co.*, 859 F.2d 1336, 1345 (9th Cir. 1988). Rule 11 sanctions should be reserved for the "rare and exceptional case where the action is clearly frivolous, legally unreasonable or without legal foundation, or brought for an improper purpose." *Id.* at 1344.

Azure has not met this standard. Nothing about Defendants' retention of Mr.

8

White is atypical, and his credentials and expert report appear appropriate. Likewise, any use of those terms can and must be fleshed out at trial, since the witnesses to the events at issue must make clear to the jury what exactly happened. Azure will have the opportunity at trial to explain what he believes occurred, and which terms he believes are appropriate, and he will have the opportunity to cross-examine Defendants' witnesses regarding their use of the terms. Azure's motion is denied.

VI.    Plaintiff's motion to sever (Doc. 68)

Azure moves the Court to sever this action into separate trials. He asserts various grounds for this motion, including his Sixth Amendment right to a fair trial, his anxiety about reliving the events that are the subject of this matter with all Defendants, and the fact that not all Defendants were actually involved in the alleged excessive use of force. (Doc. 68 at 1 – 2.) Azure cites various Rules of Civil Procedure related to joinder of parties, counterclaims, and trials, but does not provide a compelling argument to sever the trials. All of Azure's claims arise from the same occurrence or series of occurrences. Fed. R. Civ. P. 20. In the interest of efficiency, and careful use of the public's and judicial resources, this matter will be tried with all Defendants joined in one action. Azure's motion is denied.

VII.   Plaintiff's motion regarding discovery (Doc. 71)

Azure has filed a document that appears to be his response to discovery

requests from Defendants, though in it, he states that he "moves the Court for First Discovery Response or Answer to Defendants." (Doc. 71 at 1.) To the extent this is a motion of some sort, it is denied. Azure claims not to have pens or stationery, but he has filed this document instead of sending it to Defendants directly, as required. Discovery is not routinely to be filed. D. Mont. L.R. 26.2(a). Azure must communicate with Defendants' counsel about discovery. Construed as a motion, this motion is denied.

Accordingly, it is HEREBY ORDERED:

1.    Defendants' motion in limine is granted, in part, and reserved, in part, as described above. (Doc. 57.)

2.    Plaintiff's motion to strike is denied. (Doc. 59.)

3.    Plaintiff's motion for a protective order is denied. (Doc. 60.)

4.    Plaintiff's motion in limine is denied, in part, and reserved, in part, as described above. (Doc. 62.)

5.    Plaintiff's motion for dismissal is denied. (Doc. 63.)

6.    Plaintiff's motion for sanctions is denied. (Doc. 66.)

7.    Plaintiff's motion to sever is denied. (Doc. 68.)

8.    Plaintiff's motion regarding discovery is denied. (Doc. 71.)

9.    At all times, Plaintiff Azure must notify the Court and opposing counsel of any change of address.  Failure to do so may result in dismissal of this

10

action.

DATED this 12th day of August, 2026.

Dana L. Christensen, District Judge
United States District Court